No. 22-1252

# United States Court of Appeals For the Tenth Circuit

GARY WAETZIG,

*Plaintiff-Appellee*,

*v.*

HALLIBURTON ENERGY SERVICES, INC.,

*Defendant-Appellant*,

On Appeal From The United States District Court
For The District Of Colorado
No. 1:20-cv-423 (Hon. Kristen L. Mix)

**DEFENDANT-APPELLANT'S SUPPLEMENTAL BRIEF**

Heather F. Crow
THE KULLMAN FIRM, P.L.C.
2915 Kerry Forest Pkwy
Suite 101
Tallahassee, FL 32309
(850) 296-1953

Matthew D. McGill
  *Counsel of Record*
Jonathan C. Bond
Lochlan F. Shelfer
Joshua R. Zuckerman
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
MMcGill@gibsondunn.com

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Defendant-Appellant Halliburton Energy Services*

# TABLE OF CONTENTS

**Page**

STATEMENT ..................................................................................................... 1

ARGUMENT ...................................................................................................... 2

    I.    The District Court Erred In Granting Relief Under Rule 60(b) ............................................................................................ 2

        A.    The One-Year Time Limit Bars Relief Under Rule 60(b)(1) ................................................................................ 2

        B.    Rule 60(b)(6) Does Not Authorize Relief ............................... 3

    II.   Even If The Case Could Be Reopened, The District Court Lacked Jurisdiction To Vacate The Arbitral Award ....................................................................................... 6

        A.    The District Court Lacked Jurisdiction Over Waetzig's Application To Vacate ............................................. 6

        B.    Rule 60(b) Cannot Expand Subject-Matter Jurisdiction .................................................................................. 8

CONCLUSION ................................................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................................... 12

CERTIFICATE OF SERVICE ......................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackermann* v. *United States*,
   340 U.S. 193 (1950) ...................................................................................... 3

*Agostini* v. *Felton*,
   521 U.S. 203 (1997) ...................................................................................... 5

*Badgerow* v. *Walters*,
   596 U.S. 1 (2022) ........................................................................ 1, 4, 5, 6, 7, 10

*Bender* v. *Williamsport Area School District*,
   475 U.S. 534 (1986) ...................................................................................... 7

*Collins* v. *City of Wichita*,
   254 F.2d 837 (10th Cir. 1958) ....................................................................... 5

*Dodson International Parts, Inc.* v. *Williams International Co.*,
   12 F.4th 1212 (10th Cir. 2021) ..................................................................... 6

*FTC* v. *Elite It Partners, Inc.*,
   91 F.4th 1042 (10th Cir. 2024) ................................................................. 1, 5

*Hall Street Associates, LLC* v. *Mattel, Inc.*,
   552 U.S. 576 (2008) ...................................................................................... 7

*Johnson* v. *Spencer*,
   950 F.3d 680 (10th Cir. 2020) ....................................................................... 3

*Kemp* v. *United States*,
   596 U.S. 528 (2022) ...................................................................................... 4

*Kinsella* v. *Baker Hughes Oilfield Operations, LLC*,
   66 F.4th 1099 (7th Cir. 2023) ..................................................................... 10

*Klapprott* v. *United States*,
   335 U.S. 601 (1949) ...................................................................................... 4

*Kokkonen* v. *Guardian Life Insurance Co. of America*,
   511 U.S. 375 (1994) ............................................................................. 2, 9, 10

*Mid Atlantic Capital Corp.* v. *Bien*,
  956 F.3d 1182 (10th Cir. 2020) ...................................................................7

*New Hampshire* v. *Maine*,
  532 U.S. 742 (2001) ....................................................................................8

*Owen Equipment & Erection Co.* v. *Kroger*,
  437 U.S. 365 (1978) ....................................................................................9

*Plotner* v. *AT&T Corp.*,
  224 F.3d 1161 (10th Cir. 2000) ............................................................ 4, 5

*Raley* v. *Hyundai Motor Co.*,
  642 F.3d 1271 (10th Cir. 2011) ..................................................................7

*Sandlin* v. *Corporate Interiors Inc.*,
  972 F.2d 1212 (10th Cir. 1992) ............................................................... 10

*SmartSky Networks, LLC* v. *DAG Wireless, Ltd.*,
  93 F.4th 175 (4th Cir. 2024) .................................................................... 10

*Summers* v. *Earth Island Institute*,
  555 U.S. 488 (2009) ....................................................................................7

*Waetzig* v. *Halliburton Energy Services, Inc.*,
  145 S. Ct. 690 (2025) .......................................................... 1, 3, 5, 6, 9

**Statutes**

9 U.S.C. § 10 ....................................................................................................7

28 U.S.C. § 1332(a) .........................................................................................7

**Rules**

Fed. R. Civ. P. 41(a) ........................................................................................1

Fed. R. Civ. P. 60(b)(1) ........................................................................ 1, 2, 3, 4, 5

Fed. R. Civ. P. 60(b)(6) ........................................................................ 1, 3, 4, 5, 8

Fed. R. Civ. P. 60(c)(1) ..................................................................................3

Fed. R. Civ. P. 82 ............................................................................................9

**STATEMENT**

After holding that a voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a) qualifies as a final proceeding under Rule 60(b), the Supreme Court remanded this case for this Court to determine (1) whether reopening the case under Rule 60(b) "was proper in Waetzig's case," and if so, (2) whether the district court had "jurisdiction over Waetzig's" specific request "to vacate the arbitration award." *Waetzig* v. *Halliburton Energy Services, Inc.*, 145 S. Ct. 690, 696, 700-701 (2025). The answer to both questions is no.

*First*, there was no Rule 60(b) basis for the district court to reopen this case for any purpose. Waetzig admits that his request for Rule 60(b)(1) relief was untimely. Yet the district court repackaged that time-barred request under Rule 60(b)(6)—which applies only when the enumerated grounds for relief in subdivisions (b)(1)-(5) are inapposite. And at any rate, the district court erred in treating the Supreme Court's decision in *Badgerow* v. *Walters*, 596 U.S. 1, 9 (2022), as an exceptional circumstance warranting relief under Rule 60(b). This Court has held that an intervening change in law ordinarily is *not* an exceptional circumstance. *FTC* v. *Elite It Partners, Inc.*, 91 F.4th 1042, 1049 (10th Cir. 2024). And *Badgerow* was especially unexceptional because it abrogated no decision of this Court.

*Second*, and in any event, the district court was powerless to grant the only relief that Waetzig sought in his motion to reopen: vacatur of the arbitral

1

award. Waetzig did not seek to revive his underlying Age Discrimination in Employment Act (ADEA) claim, which he voluntarily dismissed to pursue contractually mandated arbitration. Instead, he sought to use this moribund case to assert a challenge to the arbitral award, which the district court otherwise lacked jurisdiction to adjudicate—the whole point of *Badgerow*. And the Supreme Court made clear in *Kokkonen* v. *Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), that a party cannot exploit Rule 60(b) to bypass just such jurisdictional barriers. *Id.* at 377-378. The district court thus lacked jurisdiction to vacate the arbitral award after reopening the case.

This Court should reverse the order granting relief under Rule 60(b) and, in all events, the order vacating the arbitral award.

## ARGUMENT

### I. The District Court Erred In Granting Relief Under Rule 60(b)

The district court erred in granting relief under Rule 60(b)(1) and (b)(6). All parties now agree that Rule 60(b)(1)'s one-year time limit bars any relief in this case premised on a purported mistake. And the district court erred in recasting that same supposed mistake, in combination with *Badgerow*, as an exceptional circumstance under subdivision (b)(6).

#### A. The One-Year Time Limit Bars Relief Under Rule 60(b)(1)

Rule 60(b)(1) allows a court to grant relief from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect."

2

Fed. R. Civ. P. 60(b)(1). The district court "reopen[ed] the case under Rule 60(b)(1)" based on Waetzig's "mistake" of dismissing the action without moving to stay or administratively close the case. III App. 245. But Rule 60(c)(1) makes clear that a court can grant relief under Rule 60(b)(1) *only* when the motion is made "no more than a year after *** the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As Waetzig has conceded before this Court, that deadline deprived the district court of any power to grant relief under Rule 60(b)(1). Appellee Br. 31-32. Waetzig filed his notice of voluntary dismissal in April 2020. I App. 22. That dismissal was a "final proceeding," *Waetzig*, 145 S. Ct. at 700, that started Rule 60(c)(1)'s one-year clock. But Waetzig did not file his motion until September 2021, well over a year later. I App. 35. Accordingly, the district court erred in reopening the case under Rule 60(b)(1).

### B. Rule 60(b)(6) Does Not Authorize Relief

The district court alternatively purported to reopen the case under Rule 60(b)(6), which allows courts to relieve a party for "any other reason that justifies relief." The Supreme Court has long read that language to authorize relief only for "extraordinary circumstances." *Ackermann* v. *United States*, 340 U.S. 193, 199 (1950). This Court reviews the district court's decision to grant Rule 60(b) relief for abuse of discretion; a court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law." *Johnson* v. *Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (citation omitted). Here, the dis-

3

trict court erred for two independent reasons.

*First*, the district court improperly granted relief under Rule 60(b)(6) based on the same mistake that underlay Waetzig's untimely Rule 60(b)(1) request. The Supreme Court has long held that Rule 60(b) authorizes relief only for reasons that are *not* addressed by Rule 60(b)(1)-(5). See *Klapprott* v. *United States*, 335 U.S. 601, 613 (1949). Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," *Kemp* v. *United States*, 596 U.S. 528, 533 (2022)—that is, only "for causes *not* covered by another cause specifically enumerated in Rule 60(b)(1-5)," *Plotner* v. *AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000). "[O]therwise," this Court has explained, "Rule 60(b)(6) would render the one-year limit applicable to Rule 60(b)(1-5) meaningless." *Ibid.*

The district court's repackaging of Waetzig's supposed mistake as a basis for relief under Rule 60(b)(6) contravenes that settled rule. The court pointed to the Supreme Court's decision in *Badgerow*. III App. 246-247. But *Badgerow* simply confirmed that the Federal Arbitration Act (FAA) does not create federal jurisdiction over a request to vacate an arbitration award and that a plaintiff seeking that relief must identify some other jurisdictional basis. 596 U.S. at 8. The district court posited that *Badgerow* had given rise to an exceptional circumstance that warranted reopening because Waetzig "did not make a conscious, deliberate choice" in "dismiss[ing]" his case instead of seeking a stay. III App. 247-248. In short, the court believed Waetzig made a mistake. But

because mistake is already "covered" and "specifically enumerated" by Rule 60(b)(1), *Plotner*, 224 F.3d at 1174, the court could not shoehorn Waetzig's untimely request for relief based on a putative mistake into Rule 60(b)(6).

*Second*, the district court erred in deeming *Badgerow* a sufficient basis for Rule 60(b)(6) relief because it constituted an "intervening change in law." III App. 246. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini* v. *Felton*, 521 U.S. 203, 239 (1997). This Court has held since the Eisenhower Administration "that a change in case law doesn't justify vacatur under Rule 60(b)(6)" unless that change either "takes place in a factually related case" or "precedes issuance of a final order." *Elite It*, 91 F.4th at 1049 (citing *Collins* v. *City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). Neither circumstance exists here. The facts of *Badgerow*, which concerned a financial advisor's dispute with her employer, have nothing to do with this case. 596 U.S. at 5. And Waetzig persuaded the Supreme Court that his voluntary dismissal was "final" when filed in April 2020, nearly two years *before* the Court issued its decision in *Badgerow* in March 2022. *Waetzig*, 145 S. Ct. at 696.

In any event, the district court's premise was incorrect because *Badgerow* did *not* change the law in this Circuit—as the court itself recognized. III App. 246 n.4. When Waetzig chose to dismiss his case, this Court had not addressed whether a party could later seek vacatur in federal court based on

5

the underlying claim's federal question—as the Court observed in reserving that question a year later. See *Dodson International Parts, Inc.* v. *Williams International Co.*, 12 F.4th 1212, 1227 & n.6 (10th Cir. 2021) (noting circuit conflict); see also *Badgerow*, 596 U.S. at 7 n.1 (same). Waetzig's erroneous assumption that the FAA would allow him to return later to federal court to seek vacatur of the award does not demonstrate a change in law—let alone an extraordinary circumstance. It is a run-of-the-mill mistake.

## II. Even If The Case Could Be Reopened, The District Court Lacked Jurisdiction To Vacate The Arbitral Award

The Supreme Court also left it to this Court to decide whether, even if the case could be reopened, the district court had jurisdiction to vacate the arbitral award. *Waetzig*, 145 S. Ct. at 696. The answer to that question is not close. As Justice Kagan (who authored *Badgerow*) observed with understatement, Waetzig "ha[s] a tough row to hoe on the *Badgerow* question." Tr. of Oral Arg. 15:15-16. Waetzig resorted to Rule 60(b) unabashedly to evade the limitation *Badgerow* recognized on the district court's jurisdiction. And the Supreme Court foreclosed that very kind of evasion decades ago in *Kokkonen*.

### A. The District Court Lacked Jurisdiction Over Waetzig's Application To Vacate

Waetzig moved to reopen this ADEA suit for the sole purpose of vacating the arbitral award, asserting jurisdiction based solely on "the Federal Arbitration Act." I App. 25. But the FAA "bestow[s] no federal jurisdiction" and "re-

6

quir[es] an independent jurisdictional basis." *Hall Street Associates, LLC* v. *Mattel, Inc.*, 552 U.S. 576, 581-582 (2008). An independent basis for jurisdiction must exist on "the face of the application itself." *Badgerow*, 596 U.S. at 9.

Waetzig previously argued that jurisdiction exists because his application raised "federal common law grounds for vacatur." Appellee Br. 20-32 (formatting omitted). Both the premise and the conclusion are wrong. Section 10 "provide[s] the FAA's *exclusive* grounds for expedited vacatur." *Hall Street*, 552 U.S. at 584 (emphasis added); see *Mid Atlantic Capital Corp.* v. *Bien*, 956 F.3d 1182, 1190 n.3 (10th Cir. 2020) (noting that *Hall Street* may have abrogated "'judicially created reasons'" for vacatur). And even if federal common law could expand available remedies, Waetzig's claim to enforce the arbitration agreement arises under state law. Reply Br. 5-8.

Nor did the complaint or the application to vacate invoke diversity jurisdiction or allege any amount in controversy. Cf. 28 U.S.C. § 1332(a). The jurisdictional amount-in-controversy ingredient does not "affirmatively appear in the record" and cannot be filled "through briefs and arguments" in this Court. *Bender* v. *Williamsport Area School District*, 475 U.S. 534, 546 (1986); see *Summers* v. *Earth Island Institute*, 555 U.S. 488, 500 (2009) (refusing to consider affidavits in support of standing that were introduced "after appeal ha[d] been filed"). After all, "arguments in support of jurisdiction"—unlike those against jurisdiction—"may be waived like any other contention." *Raley*

7

v. *Hyundai Motor Co.*, 642 F.3d 1271, 1275-1276 (10th Cir. 2011).

Any attempt to assert a new basis for jurisdiction or even to amend pleadings is doubly off-limits because, not only has he waived the point, but it also would contradict Waetzig's core contention throughout this appeal: If jurisdiction did exist under *Badgerow*, then he had no cause to invoke Rule 60(b) in the first place. He moved to reopen the case on the theory that he "cannot simply refile in Federal Court because, in the event a new case is opened, [his] claim will be dismissed for lack of jurisdiction" under *Badgerow*. III App. 216-219. And the district court accepted that this lack of jurisdiction was an extraordinary circumstance under Rule 60(b)(6) because it was the product of a change in law and of Waetzig's mistake in not seeking a stay. *Id.* at 247-248; see p. 4, *supra*. Judicial estoppel bars Waetzig from flip-flopping on the issue. *New Hampshire* v. *Maine*, 532 U.S. 742, 749 (2001). And allowing his thirteenth-hour about-face would cause his whole Rule 60(b) argument to unravel.

### B. Rule 60(b) Cannot Expand Subject-Matter Jurisdiction

Because *Badgerow* barred a freestanding federal-court action to overturn the arbitral award, Waetzig funneled his vacatur request through Rule 60(b). He urged the district court to "assume jurisdiction under Rule 60" as an express workaround to "the Supreme Court's holding in *Badgerow*" establishing a lack of jurisdiction over his application to vacate the award. III App. 216-217. That workaround is squarely foreclosed by *Kokkonen*.

The Supreme Court held in *Kokkonen* that a party cannot employ Rule 60(b) to obtain relief that the court would otherwise lack jurisdiction to grant. In *Kokkonen*, the plaintiff had stipulated to dismiss his claims with prejudice under Rule 41 after entering into a settlement agreement with the defendant. 511 U.S. at 376-377. The defendant later moved to reopen that case to seek "enforcement of the settlement agreement, and *not* merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Id.* at 378 (emphasis added). The Supreme Court held that, even when the original suit had a jurisdictional basis, such a request "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Ibid.* Because the order of dismissal contained no "provision 'retaining jurisdiction' over the settlement agreement," the district court lacked jurisdiction to decide the contractual dispute after reopening. *Id.* at 381-382; see *Waetzig*, 145 S. Ct. at 696 ("The upshot of our analysis in *Kokkonen* was that, even though Rule 60(b) might give a court the power to reopen a case, the Rule cannot itself serve as the basis for federal jurisdiction.").

*Kokkonen* reflects the "axiomatic" principle—codified in Rule 82—that "the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." *Owen Equipment & Erection Co.* v. *Kroger*, 437 U.S. 365, 370 (1978); see Fed. R. Civ. P. 82 (Federal Rules "do not extend or limit the jurisdiction of the district courts"). Construing Rule 60(b) to allow a district court to "assume

9

jurisdiction" that it otherwise lacks—as Waetzig requested below—would defy Rule 82. III App. 217; cf. *Sandlin* v. *Corporate Interiors Inc.*, 972 F.2d 1212, 1215 (10th Cir. 1992) (noting that Rule 82 confirms that Rule 69 cannot expand jurisdiction in post-judgment proceedings).

The district court exceeded its jurisdiction in using Rule 60(b) as a jurisdictional hook to vacate the arbitration award. Like the movant in *Kokkonen*, Waetzig asked the court to enforce a contract that the court had no power to police—here, the arbitration agreement—not to continue his ADEA suit. III App. 217-219. And as in *Kokkonen*, the court did not retain jurisdiction over later applications to confirm or vacate the award. I App. 22. This Court need only reaffirm that Rule 60(b) does not allow "jurisdictional 'expan[sion] by judicial decree.'" *Badgerow*, 596 U.S. at 12 (quoting *Kokkonen*, 511 U.S. at 377).\*

## CONCLUSION

The Court should reverse the order reopening the case under Rule 60(b). In any event, the Court should vacate the order vacating the arbitral award and remand with instructions for the district court to deny the application to vacate for lack of subject-matter jurisdiction.

---

\* Given the unqualified dismissal, this Court need not wade into the circuit split over whether the district court would have had jurisdiction in the event of a stay. Compare *SmartSky Networks, LLC* v. *DAG Wireless, Ltd.*, 93 F.4th 175, 184-186 (4th Cir. 2024), with *Kinsella* v. *Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023).

Dated: April 21, 2025

Respectfully submitted.

*/s/ Matthew D. McGill*

| | |
|---|---|
| Heather F. Crow<br>THE KULLMAN FIRM, P.L.C.<br>2915 Kerry Forest Pkwy<br>Suite 101<br>Tallahassee, FL 32309<br>(850) 296-1953 | Matthew D. McGill<br>  *Counsel of Record*<br>Jonathan C. Bond<br>Lochlan F. Shelfer<br>Joshua R. Zuckerman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036<br>(202) 955-8500<br>MMcGill@gibsondunn.com<br><br>Patrick J. Fuster<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 |

*Counsel for Defendant-Appellant Halliburton Energy Services*

# CERTIFICATE OF COMPLIANCE

This supplemental brief complies with the page limit set by order of this Court as it contains no more than 10 pages, excluding the portions exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

The supplemental opening brief also complies with the typeface requirements of Rule 32(a)(5)(A) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 13-point, New Century Schoolbook font.

Dated:  April 21, 2025                    Respectfully submitted.

*/s/ Matthew D. McGill*

Matthew D. McGill
  *Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500
MMcGill@gibsondunn.com

*Counsel for Defendant-Appellant Halliburton Energy Services*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2025, I electronically filed the foregoing opening brief with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system, which will send a notification upon the following counsel.

>Spencer J. Kontnik
>Austin M. Cohen
>KONTNIK | COHEN, LLC
>201 Steele Street, Suite 210
>Denver, Colorado 80206
>Telephone: (720) 449-8448
>skontnik@kontnikcohen.com
>acohen@kontnikcohen.com

Dated:  April 21, 2025

Respectfully submitted.

*/s/ Matthew D. McGill*

Matthew D. McGill
   *Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500
MMcGill@gibsondunn.com

*Counsel for Defendant-Appellant Halliburton Energy Services*