FILED
United States Court of Appeals
Tenth Circuit

**September 11, 2023**

Christopher M. Wolpert
Clerk of Court

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GARY WAETZIG,

      Plaintiff - Appellee,

v.

HALLIBURTON ENERGY SERVICES,
INC.,

      Defendant - Appellant.

No. 22-1252

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:20-CV-00423-KLM)**

_____

Heather F. Crow, The Kullman Firm, P.L.C., Tallahassee, Florida (Samuel Zurik, III, The
Kullman Firm, P.L.C., New Orleans, Louisiana, with her on the briefs), for Defendant-
Appellant.

Austin M. Cohen (Spencer J. Kontnik, Kontnik Cohen, LLC, Denver, Colorado, with him
on the brief), for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

      Gary Waetzig commenced an age discrimination lawsuit in the District of

Colorado against his former employer, Halliburton Energy Services, Inc.  Because he

was contractually bound to arbitrate his claim, he voluntarily dismissed his suit

without prejudice under Federal Rule of Civil Procedure 41(a) and commenced arbitration. The arbitrator sided with Halliburton. Dissatisfied with the outcome, Mr. Waetzig returned to federal court. But instead of filing a new lawsuit challenging arbitration, he moved to reopen his age discrimination case and vacate the arbitration award. Relying on Rule 60(b), the district court concluded it had jurisdiction to consider Mr. Waetzig's motion, reopened the case, and vacated the award.

Because we conclude the district court could not reopen the case under Rule 60(b) after it had been voluntarily dismissed without prejudice, we reverse. Under Federal Rules of Civil Procedure 41(a) and 60(b), a court cannot set aside a voluntary dismissal without prejudice because it is not a final judgment, order, or proceeding.

## I.  Background

In February 2020, Mr. Waetzig sued Halliburton for violating the Age Discrimination in Employment Act when it terminated him. Because he was contractually obligated to arbitrate any dispute with Halliburton, Mr. Waetzig voluntarily dismissed his suit without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] The case was administratively closed. The parties

---

[1] "[T]he plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). And "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

proceeded to arbitration, where the arbitrator granted summary judgment to Halliburton.

Mr. Waetzig returned to federal court.  But instead of filing a new complaint challenging the arbitrator's summary-judgment order under the Federal Arbitration Act, 9 U.S.C. § 10, he moved to reopen his case and vacate the arbitration award in favor of Halliburton.  Section 10 of the FAA allows a court to vacate an arbitration award in certain situations, including when an arbitrator engages in prejudicial misconduct or exceeds his or her authority.  Over Halliburton's objection, the district court agreed to reopen the age discrimination case.  It relied on Rule 60(b), which allows a court to "relieve a party . . . from a final judgment, order, or proceeding" in certain circumstances.[2]  Specifically, the court concluded that Rule 60(b) applied because (1) Mr. Waetzig mistakenly failed to stay the case pending arbitration rather than dismissing it, and (2) that mistake caused Mr. Waetzig to forfeit his ability to refile a new cause of action in federal court because of an intervening Supreme Court case interpreting FAA jurisdiction: *Badgerow v. Walters*, 142 S. Ct. 1310 (2022).

Finding jurisdiction, the court vacated the arbitrator's order after concluding the arbitrator exceeded her powers by not providing adequate notice

---

[2] In relevant part, Rule 60(b) states, "On motion and just terms, the court may relieve a party or its legal representative from a *final judgment, order, or proceeding* for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * * (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b) (emphasis added).

3

of the summary-judgment hearing and not sufficiently explaining her decision in favor of Halliburton. The court remanded for further proceedings before a new arbitrator.

## II.  Analysis

This appeal presents an open question in this circuit: Can a district court use Rule 60(b) to vacate a plaintiff's voluntary dismissal without prejudice? While we review a district court's Rule 60(b) decision for an abuse of discretion, *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022), we review subject-matter jurisdiction de novo, *Navajo Nation v. Dalley*, 896 F.3d 1196, 1203 (10th Cir. 2018).

As we explain, a voluntary dismissal without prejudice under Rule 41(a) divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion to reopen.

### A.  New Case

Mr. Waetzig invites us to avoid the jurisdictional issue by treating his "Motion as a 'new case,' rather than part of an existing case." Aple. Br. at 10. In other words, because his "motion for vacatur contained the information that would be required for a new case under § 10" of the FAA, we should deem it a new complaint to set aside the arbitrator's summary-judgment order and simply determine whether the district court erroneously vacated the order. *Id.* at 11–12. And he points to our previous observation that the "caption [of a brief or motion] should not control the outcome." *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1220 (10th Cir. 2013)

4

(concluding "the Rule 59(e) motion here should be construed as a Rule 50(b) motion"); *see also Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1229 (10th Cir. 2021) (applying that principle when the district court treated a "brief as a motion to confirm the arbitration award").

Although creative, we decline Mr. Waetzig's invitation. For one thing, he did not make this request before the district court. For another, other issues would arise should we do so. For example, Halliburton, lacking notice that there was a new case, did not respond to Mr. Waetzig's motion as it would a complaint by formally answering the allegations, raising affirmative defenses, and potentially moving to dismiss.

Accordingly, we do not treat Mr. Waetzig's motion as a new complaint in a new case.

### B. Rule 41 and Rule 60

We now turn to the two rules at the heart of this procedural puzzle—Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 60(b).

The former allows a plaintiff to dismiss his suit before the defendant answers by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). The dismissal is automatic, immediately divesting the district court of subject-matter jurisdiction. *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("Under Rule 41(a)(1)(i), a

plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court.").  Indeed, as we observed in *Janssen*,

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.  Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Id.* (brackets in original) (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)).  And the dismissal is without prejudice unless the notice states otherwise or the plaintiff previously dismissed a suit that included the same claim.  Fed. R. Civ. P. 41(a)(1)(B).

Rule 60(b), on the other hand, allows the court to "relieve a party . . . from *a final judgment, order, or proceeding*" in certain circumstances.  Fed. R. Civ. P. 60(b) (emphasis added).  In a case like Mr. Waetzig's, the two rules work together: The plaintiff can only obtain relief under Rule 60(b) if his voluntary dismissal without prejudice under Rule 41(a) qualifies as "a final judgment, order, or proceeding."

Here, no one asserts that we have a "final judgment"—the court never entered judgment in favor of Mr. Waetzig or Halliburton, adjudicated the merits of Mr. Waetzig's claim, or decided the rights of either party.  Nor do we have a "final

order"—Mr. Waetzig's dismissal was effective upon filing of the notice of dismissal, so the court did not need to file an *order* of dismissal.

The question then is whether a voluntary dismissal without prejudice is a "final proceeding" that can save it for Rule 60(b) consideration. Surprisingly, what constitutes a final proceeding under Rule 60(b) is an underdeveloped legal issue. Courts and commentators have generally only focused on when a court can grant relief from a final judgment or final order. For example, the pertinent section of *Moore's Federal Practice* is titled, "Rule 60(b) Applies to Final Judgments or Orders Only." 12 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 60.23 (2023). Similarly, *Wright & Miller* begins its discussion of Rule 60 by noting the rule "regulates the procedures by which a party may obtain relief from a final judgment." 11 Charles Alan Wright et al., *Fed Prac. & Proc.* § 2851 (3d ed. Apr. 2023 update). And, of course, Rule 60 itself is titled, "Relief from a Judgment or Order."

And this sparse coverage makes sense. Because when all is said and done in a case—when all is final—a party is burdened by the court, and that burden generally comes in the form of an order or judgment. In other words, usually no one needs to ponder whether a final proceeding occurs—a final order or final judgment tells us so.

But here, to give life to the language of the rule, we must endeavor to determine when and if we can still have a "final proceeding" where we have no final order or judgment. As always, we start with the text. *See Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. § 1782(a)*, 735 F.3d 1179, 1183 (10th

7

Cir. 2013) ("As with any exercise in statutory or rule interpretation, we start with the plain language of the text itself.").  Rule 60(b) was adopted in 1937 using the phrase "judgment, order, or proceeding" but without the qualifier "final."[3]  In 1946, "final" was added to "emphasize[] the character of the judgments, orders or proceedings from which [it] affords relief."  Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment.  But the Federal Rules did not define the relevant terms.

Contemporary dictionaries provide some help.  The Third (1933) and Fourth (1951) editions of *Black's Law Dictionary* invoke a "general" definition for "proceeding"—"the form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in the form of law; including all possible steps in an action from its commencement to the execution of judgment."  They also invoke a "more particular" definition—"any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object."  The Third and Fourth editions

---

[3] The advisory committee's note to the 1937 adoption of Federal Rule of Civil Procedure 60 acknowledges that subdivision (b) "is based upon" California Code of Civil Procedure § 473, which at the time allowed a court to "relieve a party . . . from a judgment, order, or other proceeding taken against him."  California law provides for "special proceedings," which include "[e]very other remedy" that is not a civil action.  Cal. Civ. Proc. §§ 21, 23; *In re Roberts' Est.*, 120 P.2d 933, 936 (Cal. Dist. Ct. App. 1942); *see also* Cal. Civ. Proc. § 1064 ("A judgment in a special proceeding is the final determination of the rights of the parties therein.  The definitions of a motion and an order in a civil action are applicable to similar acts in a special proceeding.").

also define "final" as "[d]efinitive; terminating; completed; conclusive; last" and notes that "in jurisprudence" the "word is generally contrasted with 'interlocutory.'"

But our inquiry does not end by simply looking up "final" and "proceeding" in a dictionary. As an older district court case recognized, we cannot read "final proceeding" in isolation. *Hulson v. Atchison, Topeka and Santa Fe Ry. Co.*, 27 F.R.D. 280, 284 (N.D. Ill. 1960). In *Hulson*, the court in considering the matter concluded that a "'final judgment, order, or proceeding' which may be the subject for relief under the provisions of Rule 60 means a judicial determination which has finality." *Id.* It was assuredly not, as at issue there, "a post-trial order attempting to extend time" to file a motion. *Id.* The court applied the *ejusdem generis*[4] canon of construction, concluding that a final proceeding "must be confined to *judicial determinations* similar to the class of words specifically described," *i.e.*, final judgments and final orders. *Id.* (emphasis added).

Indeed, "final proceeding" is preceded by two terms—"final judgment" and "final order"—that bear on its meaning (the *noscitur a sociis* canon: a word is known by its neighbors). Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 195 (2012); *In re McDaniel*, 973 F.3d 1083, 1097–98 (10th Cir. 2020) (explaining and applying *noscitur a sociis*); *see also Gooch v.*

---

[4] The canon recognizes that when "general words follow an enumeration of two or more things, they apply only to persons or things of the same general kind or class specifically mentioned." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 199 (2012).

*United States*, 297 U.S. 124, 128 (1936) (noting the *ejusdem generis* canon "limits general terms which follow specific ones to matters similar to those specified"). Because "a word is known by the company it keeps," we cannot "ascrib[e] to one word a meaning so broad that it is inconsistent with its accompanying words." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995). And as we previously noted, Rule 60's title only mentions judgments and orders. *See* Scalia & Garner, *supra*, at 221 (acknowledging the title is a "permissible indicator[] of meaning"). Accordingly, we look to the meanings of "final judgment" and "final order."

*Black's* Third Edition defines "judgment" as "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination," and "final judgment" as a judgment that "puts an end to a suit." The Fourth Edition provides the same definition of "judgment" and a similar definition of "final judgment," only adding "or action" to the end.

*Black's* Third and Fourth editions define "order," relevant here, as "[e]very direction of a court or judge made or entered in writing, and not included in a judgment," and "final order" as an order that "either terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right; or one which completely disposes of the subject-matter and the rights of the parties."

The preceding terms "final judgment" and "final order" illuminate (and narrow) the meaning of "final proceeding." Considering those terms, we are persuaded that *Hulson* got it right in concluding that a final proceeding must involve,

10

at a minimum, a judicial determination with *finality*.[5]  As when a court issues an

order or enters a judgment, there must have been some sort of determination.  For

example, in the voluntary dismissal context, a voluntary dismissal *with prejudice*

qualifies as a final judgment because there has been a judicial determination ending a

case, even if only a constructive determination.  *See Schmier v. McDonald's LLC*,

569 F.3d 1240, 1242 (10th Cir. 2009); *Yesh Music v. Lakewood Church*, 727 F.3d

356, 364 n.1 (5th Cir. 2013) (Jolly, J., dissenting) ("[A] dismissal *with prejudice* is an

adjudication on the merits operating as a *final judgment*.").  And there must be

finality, so the matter has come to an end.  And of course, because Rule 60(b) speaks

---

[5] Because we are interpreting a legal term of art, we rely primarily on legal
dictionaries.  But we note that general dictionaries also support our conclusion.
*Webster's New International Dictionary of the English Language* (2d ed. 1950)
defines "final" generally as "[c]onclusive; decisive; definitive; as, a *final* judgment."
And it also provides an extensive definition of "final" in the law: "Of an order,
decision, judgment, decree, or sentence of a court, designating: Usually, one which
ends the action or proceeding in the court that makes it, leaving nothing further to be
determined by the court, or to be done except the administrative execution of the
decision, judgment, etc."  It defines "proceeding" generally as "[a]n act, measure or
step in a court or business or conduct," and in the law as "[t]he course of procedure
in an action at law" and "[a]ny step or act taken in conducting litigation."  It defines
"judgment" generally as "the opinion or decision given," and in the law as "the
determination, decision, decree, or sentence of a court."  And *Webster's* defines
"order" generally as "a command; mandate; precept; direction," and in the law as,
"[i]n its widest sense, any command or direction of a court" and "[u]sually, any
direction of a judge or court entered in writing and not included in a judgment or
decree."

to relief, the proceeding must have ended in a way that burdened the party invoking the rule.

Although we have not previously and precisely defined "final proceeding," similar issues have arisen on occasion.  In our circuit, we have two cases that, although not entirely on point, shed some light on the consequences of a Rule 41 dismissal and its interplay with a Rule 60 motion.

In the first case, *Netwig v. Georgia Pacific Corp.*, the plaintiff sued the defendants in the District of Kansas.  375 F.3d 1009, 1009 (10th Cir. 2004).  Before the defendants answered, the plaintiff dismissed his suit without prejudice and refiled in the District of Minnesota to avoid Kansas's statute of limitations.  The defendants objected to proceeding in Minnesota and asked the court to either dismiss or transfer the case back to Kansas.  The court agreed venue was proper in Kansas and transferred the case to Kansas under 28 U.S.C. § 1404(a).  In Kansas, the original district court—over the plaintiff's objection—reinstated the case under Rule 60(b), consolidated the Kansas and Minnesota cases, and dismissed the Kansas case under the statute of limitations and the Minnesota case under res judicata (the dismissal of the Kansas case was the prior decision).

We reversed.  We concluded that because the plaintiff's "dismissal was effective upon filing," *id.* at 1011, the Kansas court "lacked jurisdiction to reinstate the Kansas case over [the plaintiff's] objection," *id.* at 1010.  Accordingly, the Kansas case reinstatement was "a nullity," so we directed the district court to instead reinstate the Minnesota case.  *Id.* at 1011.  Although we recognized the plaintiff's

argument that his dismissal was a "final proceeding" under Rule 60(b), we did not directly address it.  *Id.* at 1010.

The second case is *Schmier v. McDonald's LLC*, 569 F.3d 1240.  In that case, the plaintiff sued a McDonald's restaurant for discrimination and retaliation.  He then voluntarily dismissed his complaint *with prejudice* under Rule 41(a)(1)(A)(i), thereby invoking the authority of the court.  The district court denied his subsequent request to vacate the voluntary dismissal.  On appeal, we distinguished *Netwig* because the *Schmier* plaintiff was trying to set aside his voluntary dismissal.  "We kn[e]w of no reason to deny jurisdiction to a district court to consider granting a dismissing plaintiff relief under Rule 60(b)," so we "embrace[d] the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'"  *Id.* at 1243 (quoting 8 Moore, *supra*, § 41.33[6][f]).  But we ultimately affirmed because even though the court had jurisdiction, the plaintiff had not qualified for Rule 60(b) relief.[6]

At first glance, *Schmier* may appear to support a favorable outcome for Mr. Waetzig.  Importantly, however, that case involved a dismissal *with prejudice*.

---

[6] In an unpublished order and judgment, a panel of this court cited *Schmier* to state that a plaintiff who had voluntarily dismissed his case without prejudice could, "as an alternative to refiling, seek to rectify the situation by moving in the district court for relief from the dismissal under Fed. R. Civ. P. 60(b)."  *McKenzie v. AAA Auto Fam. Ins. Co.*, 427 F. App'x 686, 686 n.1 (10th Cir. 2011).  But *McKenzie* lacks persuasive value: We made that assertion in a footnote without any substantive analysis of *Netwig*, *Schmier,* and other relevant authorities.

Indeed, we observed, "*Like other final judgments*, a dismissal *with prejudice* under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)." *Id.* at 1242 (emphases added). In other words, because the dismissal was with prejudice, it had finality and therefore qualified as a "final judgment" under Rule 60(b). And that meant the district court had jurisdiction to consider the plaintiff's motion to reopen. By contrast, the *Netwig* plaintiff dismissed without prejudice, so we could not fairly consider the dismissal to be a final judgment.[7]

Other courts have pondered whether a voluntary dismissal qualifies as a final proceeding. Among the circuits, the Fifth Circuit has the most robust consideration of the question. In *Yesh Music v. Lakewood Church*, the court concluded that a voluntary dismissal without prejudice is a final proceeding under Rule 60(b). 727 F.3d at 361–63. There, the plaintiffs sued the defendants in a Texas federal district court, voluntarily dismissed without prejudice, quickly refiled in a New York federal

---

[7] In *Netwig* and *Schmier*, we discussed an Alaska federal district court case that concluded a voluntary dismissal without prejudice is a final proceeding under Rule 60(b): *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83 (D. Alaska 1984). There, after the plaintiff inadvertently dismissed his entire suit—instead of just dismissing one defendant—the court concluded the voluntary dismissal was a final proceeding and granted the plaintiff relief under Rule 60(b). *Id.* at 85–88. In *Netwig*, after noting *Noland* was not binding, we distinguished it because the *Noland* plaintiff requested relief, while the *Netwig* plaintiff did not. 375 F.3d at 1010. In *Schmier*, we did the opposite. 569 F.3d at 1243. Because *Noland* did not meaningfully analyze the term "final proceeding," *see* 104 F.R.D. at 85–86, we likewise find it unpersuasive here.

14

district court, voluntarily dismissed the second suit without prejudice, and then successfully moved to reinstate their Texas suit under Rule 60(b).[8]

The defendants appealed, and the Fifth Circuit affirmed because the first voluntary dismissal without prejudice was a final proceeding.  It observed that "[w]hile judgments and orders might imply the involvement of a judicial action, a 'proceeding' does not necessarily require any such action . . . and may be used to describe the entire course of a cause of action or any act or step taken in the cause by either party."  *Id.* at 361.

But Judge Jolly dissented.  He believed a voluntary dismissal without prejudice could not be a final proceeding because (1) it was not final (after all, the plaintiffs could, and there did, refile), and (2) it was not a proceeding (simply filing a sheet of paper, as the plaintiffs did with their notice of dismissal, did not qualify).  *Id.* at 366–67 (Jolly, J., dissenting).  He then went on to distinguish the cases relied upon by the majority, noting that only two of them involved the same type of dismissal at issue and those two only provided sparse analysis.  *Id.* at 367–69.

As Judge Jolly observed, other circuits have generally addressed this issue in a perfunctory manner.  In *Williams v. Frey*, for example, the Third Circuit stated that the dismissal at issue "was, in [its] view, a proceeding, and it was clearly final,"

---

[8] The court only considered whether the plaintiffs could use Rule 60(b) to revive the Texas suit without considering whether the New York dismissal—a second dismissal that operated as a dismissal with prejudice—barred their efforts.  *See Yesh Music*, 727 F.3d at 364 n.1 (Jolly, J., dissenting).

meaning the district court could reopen the case.  551 F.2d 932, 935 (3d Cir. 1977). But the court's analysis of "final proceeding" did not extend beyond its conclusion. And in *Nelson v. Napolitano*, the Seventh Circuit concluded, without determining whether there was a final proceeding, that "there may be instances where a district court may grant relief under Rule 60(b)" for a voluntary dismissal without prejudice. 657 F.3d 586, 589 (7th Cir. 2011).  Regardless, it found relief was not warranted there.  *Id.* at 589–91.

On the opposite side of the issue lies the Ohio Supreme Court, which considered the question under its analogous state procedural rule.  In *Hensley v. Henry*, the plaintiff voluntarily dismissed his suit without prejudice before successfully petitioning the trial court to reopen the case.  400 N.E.2d 1352, 1353 (Ohio 1980).[9]  Assuming the trial court had jurisdiction, the Ohio Supreme Court relied on *Hulson* to conclude that because a dismissal without prejudice is not an

---

[9] The dismissal occurred the morning of trial, which was permitted under Ohio's equivalent of Federal Rule of Civil Procedure 41(a):

> (A)n action may be dismissed by the plaintiff without
> order of court (a) by filing a notice of dismissal at any time
> before the commencement of trial * * *.  Unless otherwise
> stated in the notice of dismissal * * * , the dismissal is
> without prejudice, except that a notice of dismissal
> operates as an adjudication upon the merits when filed by a
> plaintiff who has once dismissed in any court, an action
> based on or including the same claim.

*Hensley*, 400 N.E.2d at 1353 n.2 (quoting Ohio Civ. R. 41(A)).  The timing of the dismissal does not impact *Hensley*'s persuasive value here, because like Mr. Waetzig's dismissal, it was done without court involvement and without prejudice.

adjudication on the merits, it is "not a final judicial determination from which Civ. R. 60(B) [could] afford relief." *Id.* at 1353–54.[10]

Other courts also follow *Hulson*. For example, a Florida bankruptcy court rejected the argument that a sale of patents was a Rule 60(b) final proceeding, because a final judgment, order, or proceeding requires "a judicial determination which has finality." *In re Fulks*, 343 B.R. 701, 707 (Bankr. M.D. Fla. 2006). But there, "[t]he proposed sale was never presented for th[e] Court's consideration, no Motion was filed to approve the sale and, of course, no Order was ever entered to approve the sale." *Id.*

### C. A Rule 41(a) voluntary dismissal without prejudice is not a final proceeding.

After considering the text of Rule 60(b) and the relevant precedents, we conclude that Mr. Waetzig's voluntary dismissal without prejudice does not qualify as a final proceeding.

Start with a judicial determination—there was none. The dismissal was automatic upon filing the necessary notice, meaning "no action [was] required on the part of the court." *Janssen*, 321 F.3d at 1000. Although there was an administrative closing by the clerk's office, no judicial officer was involved in any way. In short, a

---

[10] Like Federal Rule 60(b), the Ohio rule allowed a court to "relieve a party or his legal representative from a final judgment, order or proceeding." Ohio Civ. R. 60(B).

judicial officer never did anything, let alone determined anything. And unlike in *Schmier*, there was no final judgment because there was no dismissal with prejudice.

Nor was there the requisite finality. Again, the dismissal in *Schmier* was final because it was with prejudice. The plaintiff could not refile his suit. *See Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004). But a plaintiff can usually refile after a dismissal without prejudice, even doing so the next day. *See Yesh Music*, 727 F.3d at 358 (noting the plaintiffs refiled the day after voluntarily dismissing their suit without prejudice). Although the dismissal may have brought a particular lawsuit with its own unique case number to a close, the overarching dispute between the parties has not been resolved. *See id.* at 366 (Jolly, J., dissenting). No rights have been determined. And no one has been *burdened* by court action, a requirement for Rule 60(b) *relief*. By choosing to dismiss without prejudice, the plaintiff is leaving the door open for a future suit. This remains true even if it appears the plaintiff is unlikely to succeed by refiling his suit. A future occurrence—like a change in the law after dismissal—cannot boomerang back in this situation, turning a voluntary dismissal without prejudice into a final judgment, order, or proceeding.[11]

Although we can say the dismissal here was not a final proceeding, it is harder to say what would be a final proceeding that does not culminate in a final judgment

---

[11] The instant and automatic effect of a Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice counsels toward evaluating finality under Rule 60(b) at the moment the plaintiff filed the requisite notice. *See Yesh Music*, 727 F.3d at 367 (Jolly, J.,

or order from which a party may seek relief.[12]  Perhaps "final proceeding" is a

catchall, covering anything that does not result in an order or judgment but still

involves a final, burdensome judicial determination.[13]  And perhaps we will "know it

---

dissenting).  Indeed, in this situation it is the plaintiff's *chosen dismissal* that he asks
the court to "undo."  At the time of the dismissal, Mr. Waetzig's claim had not been
resolved through arbitration.  And the Supreme Court did not decide *Badgerow* until
March 2022, well after the dismissal and after Mr. Waetzig first asked the district
court to vacate the dismissal in *September 2021*.  True, we have "recognized that a
dismissal without prejudice can have the practical effect of a dismissal with prejudice
if the statute of limitations has expired."  *AdvantEdge Bus. Grp., L.L.C. v. Thomas E.
Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  But Mr. Waetzig
never addressed any statute of limitations issues in his response brief.

[12] As part of our inquiry into the appropriate meaning of final proceeding, we
deployed corpus linguistics, *i.e.*, we looked at databases containing "real-world
language to see how" this term has been "used in written or spoken English."  *State v.
Rasabout*, 356 P.3d 1258, 1275 (Utah 2015) (Lee, A.C.J., concurring in part and in
the judgment).  But our search yielded no fruit.  The Corpus of Historical American
English did not return any results for "final proceeding."  Using a collocation—
looking for instances where "final" is used in proximity with "proceeding—was also
unavailing when it came to defining a final proceeding.  And although we had a little
more luck when it came to results from the BYU Law Corpus of Supreme Court
Opinions of the United States, none shed light on the possible meaning of "final
proceeding" within Rule 60(b).  The lack of helpful results bolsters our conclusion
that it will be the rare case when there is a burdensome final proceeding without a
judgment or order.

[13] One commentator, when analyzing Ohio's analogous procedural rule,
suggested a "final proceeding" refers to independent special proceedings that might
arise by rule or statute.  J. Patrick Browne, *The Finality of an Order Granting a Rule
60(B) Motion for Relief from Judgment: Some Footnotes to* GTE Automatic Electric,
Inc. v. Arc Industries, Inc., 26 Clev. State L. Rev. 13, 172 (1977).  "Since the Rules
are intended to apply to special statutory proceedings to the extent that they are not
by their nature clearly inapplicable, it can be argued that the word 'proceeding' has
reference to special statutory proceedings."  *Id.* (footnote omitted).  Another
possibility is that the term covers proceedings on "motions," "discovery,"
"intervention," "and the like."  *Id.* at 173.  But of course, "Normally, [such]
proceedings . . . are concluded by an order."  *Id.*

when [we] see it." *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring).  But we know that Mr. Waetzig's voluntary dismissal without prejudice is not it.

Accordingly, the district court could not entertain Mr. Waetzig's attempt to set aside his dismissal, and it erred in granting him Rule 60(b) relief.

### III.  Conclusion

For the foregoing reasons, we reverse the district court.

22-1252, *Waetzig v. Halliburton Energy Services, Inc.*

**MATHESON**, Circuit Judge, dissenting.

Mr. Waetzig filed a notice of dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). He later moved to reopen the case and vacate the dismissal under Rule 60(b) so he could challenge the arbitration of his dispute with Halliburton. This appeal asks whether the district court could reopen the case and consider Mr. Waetzig's Rule 60(b) motion. The answer turns on whether Mr. Waetzig's earlier voluntary dismissal was a "final proceeding" under Rule 60(b).

The majority opinion concludes the dismissal was (1) not a proceeding and (2) not final because it was without prejudice when filed. But, (1) as this court has recognized, a Rule 41(a)(1)(A)(i) dismissal is a proceeding, and (2) the dismissal was final when Mr. Waetzig filed his Rule 60(b) motion because he lacked a federal forum due to the arbitration and an intervening Supreme Court decision.

The majority would measure finality when Mr. Waetzig filed his Rule 41(a)(1)(A)(i) motion. But, as explained below, the finality of the dismissal should be assessed when Mr. Waetzig filed the Rule 60(b) motion. Under this view, a court determines the finality of a proceeding under Rule 60(b) at the time it is asked to review that proceeding—not when the proceeding occurred.

As the majority notes, Mr. Waetzig could have refiled his case the day after he voluntarily dismissed it, but the relevant question is whether he could have refiled when he moved for relief under Rule 60(b). He could not, so the dismissal was final. I therefore respectfully dissent.

A. ***Rule 60(b) and Rule 41(a)(1)(A)(i), Proceeding, and Finality***

Rule 60(b) states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding."  Rule 41(a)(1)(A)(i) provides a plaintiff may dismiss a case without party consent or a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  "Unless the notice . . . states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).

1. **Proceeding**

In *Schmier v. McDonald's LLC*, 569 F.3d 1240 (10th Cir. 2009), we considered a Rule 41(a)(1)(A)(i) dismissal to be a Rule 60(b) "proceeding," stating that we "embrace the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) may [seek relief under Rule 60(b).]"  *Id.* at 1243 (quotations omitted).  We further held that if the dismissal was with prejudice, it is "final" so a plaintiff may challenge it under Rule 60(b).  *Id.* at 1242.[1]  The question here, then, is whether

---

[1] In *Schmier*, the plaintiff filed a Rule 41(a)(1)(A)(i) notice voluntarily dismissing his federal employment discrimination claims with prejudice following a settlement with the defendant.  569 F.3d at 1241.  He later sought relief from the voluntary dismissal under Rule 60(b), "complaining about the behavior of [the defendant] with respect to [the] settlement agreement that led to the dismissal."  *Id.*  Although we determined the plaintiff "ha[d] not shown entitlement to relief under any provision of Rule 60(b)," we recognized the district court could reopen the case under Rule 60(b).  *Id.* at 1243.

This runs counter to the majority's view that "proceeding" in Rule 60(b) must involve a "judicial determination."  Maj. Op. at 9.  Consistent with *Schmier*, a plaintiff, without court involvement, may file a Rule 41(a)(1)(A)(i) notice of dismissal with or without prejudice.  The majority quotes *Janssen v. Harris*, 321 F.3d 998 (10th Cir. 2003), for the point that "no action is required on the part of the court" for a Rule 41(a)(1)(A)(i) dismissal without prejudice, *id.* at 1000, but the same is true for a with-prejudice

Mr. Waetzig's Rule 41(a)(1)(A)(i) dismissal without prejudice had become "final" when he filed his Rule 60(b) motion.

2. **Finality**

As a general rule, a plaintiff's voluntary dismissal without prejudice is not "final." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). The "critical determination" for finality is whether a plaintiff has been "effectively excluded from federal court under the present circumstances." *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006) (quotations omitted).

A without-prejudice dismissal that is non-final when filed may later become final due to procedural developments. Our analogous cases support this point. For example, we have used this approach to assess whether orders are final for 28 U.S.C. § 1291 appellate jurisdiction. In *Spring Creek Exploration & Production Co., LLC v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003 (10th Cir. 2018), we determined the non-final dismissal without prejudice in that case had become final when we exercised appellate jurisdiction because the dismissed claims were resolved in arbitration during the pendency of the appeal. *Id.* at 1016.[2] "Mindful that finality is to be given a practical

_____

voluntary dismissal. Under *Schmier*, the latter is a "proceeding" under Rule 60(b), and the majority's suggestion that it is a "constructive" judicial determination lacks authority. Maj. Op. at 11.

[2] In *Spring Creek*, the district court dismissed or granted summary judgment on some but not all of the plaintiff's claims. 887 F.3d at 1013. "Rather than proceed to trial on the [remaining] claims, the parties jointly moved to dismiss the remaining claims without prejudice, as all preferred to arbitrate them instead." *Id.* The plaintiff then

rather than a technical construction," we concluded "[w]hatever jurisdictional problems once extant, at [that] juncture we [were] satisfied that all claims between the parties [had] now been finally resolved." *Id.*

Another example arises when a district court dismisses some of the plaintiff's claims with prejudice, the plaintiff dismisses the remaining claims without prejudice, and the plaintiff then attempts to appeal the court's with-prejudice dismissal. A circuit court would generally lack jurisdiction because the district court's decision is not final. *See Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015). But if later those plaintiff-dismissed claims cannot be reasserted (e.g., the statute of limitations has run on the claims that were dismissed without prejudice), their earlier dismissal without prejudice may be functionally equivalent to a dismissal with prejudice. *See Jackson*, 462 F.3d at 1238. In *Jackson*, we said that "where parties appeal non-final orders, the [district] court's subsequent issuance of an order explicitly adjudicating all remaining claims may cause [the] case to ripen for appellate review." *Id.* (quotations omitted).

Other circuits recognize that circumstances may permit a party to seek relief under Rule 60(b) for an earlier voluntary dismissal without prejudice. For example, in *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013), the Fifth Circuit said that "the weight of the caselaw . . . supports the conclusion that a dismissal without prejudice can

---

appealed the dismissal and summary judgment orders. *Id.* The agreed-upon arbitration took place "[c]ontemporaneous[ly] with the parties' briefing in this court." *Id.*

be considered a final proceeding" subject to relief under Rule 60(b). *Id.* at 361.[3]  *See also*
8 James William Moore et al., Moore's Federal Practice § 41.33[6][i] (3d ed. 2012) ("The
court retains jurisdiction to consider a motion by the plaintiff to vacate a notice of
dismissal under Rule 60(b).").

## B.  *Finality of Mr. Waetzig's Dismissal*

When the district court granted Mr. Waetzig's Rule 60(b) motion to reopen the
case, his voluntary dismissal had become final.

First, Mr. Waetzig was not "free to file another complaint raising th[e] same
claims" as his original complaint because the Age Discrimination in Employment Act
claim had been resolved in arbitration.  *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d
147, 148 (10th Cir. 1992); *see also Spring Creek*, 887 F.3d at 1016 (district court's order
was final despite voluntary dismissal without prejudice because the dismissed claims
"ha[d] been finally resolved in arbitration" and "[we]re not subject to further proceedings
in court" (quotations omitted)).

---

[3] *See also Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (holding a
plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) "does not
deprive a district court of jurisdiction for all purposes" and "a district court retains
jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal"); *Williams
v. Frey*, 551 F.2d 932, 935 (3d Cir. 1977) (holding because Rule 60(b) "speaks of relief
from a final 'proceeding'" and a Rule 41 dismissal without prejudice was "a proceeding,
and it was clearly final . . . the [district] court had the power to reopen the dismissed
suit"), *abrogated on other grounds by Torres v. Oakland Scavenger Co.*, 487 U.S. 312
(1988).

Second, he could not file a separate action challenging the arbitration proceedings under § 10 of the Federal Arbitration Act ("FAA") because, after the arbitration in his case, the Supreme Court decided *Badgerow v. Waters*, 142 S. Ct. 1310 (2022), which held "[a] federal court may entertain an action brought under the FAA only if the action has an independent jurisdictional basis." *Id.* at 1316 (quotations omitted). The Court also clarified the grounds in the FAA for vacating arbitral awards "do not themselves support federal jurisdiction." *Id.* Mr. Waetzig therefore could not initiate a separate proceeding under the FAA to challenge the arbitration.[4]

In sum, the relevant time to assess finality of the Rule 41(a)(1)(A)(i) dismissal was when the Rule 60(b) motion was filed. When Mr. Waetzig filed his Rule 60(b) motion, (1) the completion of arbitration between Mr. Waetzig and Halliburton and (2) the Supreme Court's intervening decision in *Badgerow* "effectively excluded [him] from

---

[4] The majority discusses our decision in *Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009 (10th Cir. 2004). There, the plaintiff voluntarily dismissed his case under Rule 41(a)(1)(A)(i) without prejudice. *Id.* at 1010. The defendant sought to reinstate the case under Rule 60(b) over the plaintiff's objection. *Id.* We defined the issue as "whether a court may invoke Rule 60(b) to reinstate a voluntarily dismissed case *over [the] plaintiff's objection*." *Id.* (emphasis added). We said doing so would be improper because "[t]he filing of a Rule 41(a)(1)(i) [dismissal] . . . is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Id.* at 1011 (quotations omitted) (first alteration in original). Thus, *Netwig* held a defendant cannot use Rule 60 to undermine a plaintiff's right under Rule 41(a)(1)(A)(i) to voluntarily dismiss their claim. *Id.* It did not bear on whether a Rule 41 dismissal without prejudice could be "final."

federal court," making the Rule 41(a)(1)(A)(i) dismissal a final proceeding under Rule 60(b).[5]  *Spring Creek*, 887 F.3d at 1015.[6]

C. *Conclusion*

The district court correctly held that Mr. Waetzig could reopen his case by seeking relief from the voluntary dismissal under Rule 60(b).[7]

---

[5] When the district court vacated Mr. Waetzig's voluntary dismissal under Rule 60(b), its federal question jurisdiction derived from Mr. Waetzig's original case.  *See* 28 U.S.C. § 1331; App., Vol. I at 9 (Mr. Waetzig's complaint invoking federal question jurisdiction).

[6] This court's precedent and the practical effect of procedural developments make it unnecessary to address the majority's textual analysis.

[7] I would also affirm the district court's grant of the motion to vacate under Rule 60(b)(6).